UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOPPERS ENTERTAINMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES F. ROSENAY AND LIVERPOOL PRODUCTIONS, LLC, <br><br> Defendants. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Boppers Entertainment, LLC, does hereby, through its attorneys, allege as follows:

## THE PARTIES

1. Plaintiff Boppers Entertainment, LLC (hereinafter "Boppers" or "Plaintiff"), is a limited liability company organized and existing under the laws of Connecticut, having a principal place of business at 146C Dividend Road, Rocky Hill, Connecticut 06067.

2. Defendant Charles F. Rosenay (hereinafter "Rosenay") is a resident of the state of Connecticut residing at 315 Derby Avenue, Orange, Connecticut 06477.

3. Defendant Liverpool Productions, LLC (hereinafter "Liverpool ") is a limited liablity company organized and existing under the laws of Connecticut, having a principal place of business at 315 Derby Avenue, Orange, Connecticut 06477. Rosenay is the President and alter ego of Liverpool and, upon information and belief, directs and controls the operations of Liverpool. Rosenay and Liverpool are hereinafter are referred to collectively as "Defendants."

## JURISDICTION AND VENUE

4. This is a civil action for trademark infringement and unfair competition under

Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, trademark infringement under Connecticut common law, and for unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §§ 42-110(a) *et seq*). Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants directly or indirectly through its agents, do business in this judicial district and have committed acts within this judicial district giving rise to this action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS

**Plaintiff, Boppers Entertainment, LLC**

7. Boppers is a leader in the entertainment service industry serving all of New England as well as New York.

8. For more than fifteen years, Boppers and its predecessors in interest have been providing clients with entertainment services including DJ and event services, and has expanded into lounge furniture and lighting rentals, event enhancement, and inflatable rentals.

9. Boppers owns both common law and federally registered rights to its well-known marks BOPPERS, BOPPERS DJS, and BOPPERS DJ'S (the "BOPPERS Marks") used in connection with entertainment services.

10. Boppers began using the BOPPERS Marks in commerce at least as early as January 1, 2000.

11. Rosenay performed as a DJ with Liverpool since at least 1998.

12. Evan Taback performed as a DJ with Evan Taback and Friends since at least 1997.

13. In or about January 2000, Taback and Rosenay formed an unregistered business and began operating together as BOPPERS DJs.

14. On March 30, 2000, Rosenay filed a Federal Trademark application for the mark BOPPERS DJ'S, which received Registration No. 2574368 on May 28, 2002.

15. In or about 2008, Boppers Entertainment, LLC, a Connecticut limited liability corporation was formed. Evan Taback is the owner and operator of Boppers.

16. On or about March 24, 2008, Rosenay assigned his interest in the BOPPERS DJ'S trademark registration No. 2574368 to Boppers Entertainment, LLC. Rosenay is not a principal, shareholder, or employee of Boppers Entertainment, LLC. A true and correct copy of the Assignment is attached hereto as Exhibit A.

17. Boppers remains the owner by assignment of U.S. Trademark Registration No. 2574368 for the word mark BOPPERS DJ'S, filed on March 31, 2000, and registered on May 28, 2002, used in connection with "promoting the concerts and dance parties of others" in Class 35. A true and correct copy of the BOPPERS DJ'S registration is attached hereto as Exhibit B.

18. Boppers is the owner of U.S. Trademark Registration No. 3779927 for the mark BOPPERS DJS, filed on April 11, 2008, and registered on April 27, 2010, used in connection with "Entertainment services, namely, live performances featuring prerecorded music video, dance parties and photo montages viewed on a big video screen; party planning services, namely, consultation and advice regarding musical selections and arrangements and entertainment options for parties; video production services, namely, videography, digital photography, production of video tapes and video discs, editing video, films, photographs and audio; rental of party equipment, namely, interactive inflatable objects for recreational use, novelty wax hands machine, game equipment in the nature of padded sumo suits, miniature golf equipment, karaoke

3

equipment, stage and backdrop and lighted dance floor staging, game show equipment and video games; entertainment services; namely, face painting, airbrush tattoos and live performances in the nature of jugglers; Providing live entertainment for parties and special events, namely, disc jockey services; Providing live entertainment for parties and special events, namely, dancers, dance and dramatic performances and musical performances, visual and audio performances by musical artists and musical group; Rental of party equipment, namely, kinetic lighting." in Class 41.  A true and correct copy of the BOPPERS DJS registration is attached hereto as Exhibit C.

19.     Boppers is the owner of U.S. Trademark Registration No. 4304846 for the word mark BOPPERS, filed on July 13, 2012, and registered on March 19, 2013, used in connection with "Entertainment services, namely, live performances featuring prerecorded music video, dance parties and photo montages viewed on a big video screen; party planning services, namely, consultation and advice regarding musical selections and arrangements and entertainment options for parties; video production services, namely, videography, digital photography, production of video tapes and video discs, editing video, films, photographs and audio; rental of party equipment, namely, party staging, lighted dance floors, interactive inflatable objects for recreational use, novelty wax hands machine, game equipment in the nature of padded sumo suits, miniature golf equipment, karaoke equipment, stage and backdrop and lighted dance floor staging, game show equipment, electronic games and video games; entertainment services, namely, face painting, airbrush tattoos and live performances in the nature of jugglers; Providing live entertainment for parties and special events, namely, disc jockey services; Providing live entertainment for parties and special events, namely, dancers, dance and dramatic performances and musical performances, visual and audio performances by musical artists and musical group; Rental of games and party equipment, namely, kinetic lighting." in Class 41 and Rental of party

4

equipment, namely, party furniture, popcorn machines, cotton candy machines, snow cone and smoothie machines. In Class 43.  A true and correct copy of the BOPPERS registration is attached hereto as Exhibit D.

20. Boppers has made a substantial investment in creating, promoting, and protecting the BOPPERS Marks, and, as a result, the BOPPERS Marks have developed a high degree of recognition and substantial goodwill among the industry, the trade, the media, and consumers.

**Defendants and Their Infringing Conduct**

21. Liverpool is a DJ and master of ceremonies event service and is owned, operated, and managed by Rosenay, its president.

22. Despite the assignment of the BOPPERS DJ'S Mark to Boppers, Liverpool has been, without authorization or permission from Boppers, advertising, selling and/or offering for sale its DJ entertainment products and services under the mark BOPPIN' in commerce, including but not limited to on Defendants' website http://www.liverpoolproductions.com/ andFacebook. *See* Figure 3 below and Exhibits E, F, and G attached hereto.

23. Defendants' use of the BOPPIN' Mark is identical and/or confusingly similar to Plaintiff's federally registered BOPPERS Marks and is intended to cause confusion as to the source of the services alone, and with additional uses of Boppers and Boppers DJ's. *See*, for example, Figures 1, 2, and 3 below.

| **Figure 1**<br>Plaintiff's<br>BOPPERS Mark | **Figure 2**<br>Defendant's<br>BOPPIN' Mark |
|---|---|
|  |  |



**Figure 3**
Defendants' identical use of Plaintiff's BOPPERS Mark on his Facebook page falsely implying sponsorhisp of Fright Haven

24. On numerous occasions, Plaintiff has demanded that Defendants to stop using the BOPPIN' Mark and/or the BOPPERS Marks, however Defendants have not complied with Boppers' demands.

25. Defendants actions as alleged herein have been undertaken willfully and in bad faith.

26. By intentionally selling and/or offering for sale entertainment services with a mark confusingly similar to the BOPPERS Marks in commerce, Defendants are attempting to trade off

6

the goodwill and reputation of Boppers and the BOPPERS Marks, and are attempting to associate their services with Boppers' goods and services, causing damage to the goodwill of the BOPPERS Marks and the reputation of Boppers.

27.     Defendants have infringed and continue to infringe Plaintiff's BOPPERS Marks by various acts as alleged herein including, but not limited to, advertising, marketing, offering for sale, and selling entertainment services under the BOPPERS Marks, targeting similar consumers as Boppers, and in the same channels of trade as Boppers' goods and services, and will continue to do so unless enjoined therefrom by this Court.

28.     Defendants' conduct as alleged herein has confused and/or is likely to confuse consumers as to the source, sponsorship, endorsement, and or origination of Boppers' goods and services.

29.     Boppers has been irreparably harmed by Defendants' infringement to an extent not yet determined, and will continue to be irreparably harmed in the future unless Defendants are enjoined from its activities by this Court.

### COUNT I
### LANHAM ACT – TRADEMARK INFRINGEMENT

30.     Boppers repeats and realleges paragraphs 1 - 29, above, as though fully set forth herein.

31.     This is a claim for federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

32.     Defendants have infringed Plaintiff's federally-registered BOPPERS Marks by using the confusingly similar mark BOPPIN' alone, or in connection with Boppers or Boppers DJ's, in commerce in association with products and services that are the same as and/or substantially similar to Plaintiff's goods and services offered under the BOPPERS Marks, by

7

creating a likelihood of confusion and mistake among customers and the public, and by deceiving them.

33. Defendants' unauthorized use of the BOPPIN' Mark alone, or in connection with Boppers or Boppers DJ's, in connection with the sale, offering for sale, and advertising of Defendants' entertainment services are intended to trade upon the goodwill and substantial recognition associated with Plaintiff's BOPPERS Marks for Bopper's entertainment services.

34. Defendants' unauthorized use of the BOPPIN' Mark alone, or in connection with Boppers or Boppers DJ's, in association with Defendants' products and services is intended to cause confusion, mistake or deception.

35. Upon information and belief, at the time of committing certain acts alleged herein, Defendants had actual knowledge of Plaintiff's ownership and prior use of its BOPPERS Marks in connection with Boppers' entertainment goods and services.

36. By virtue of these acts, Defendants have further created a likelihood of injury to Boppers' business, caused a strong likelihood of customer confusion as to the source of Defendants' products and services, and has otherwise competed unfairly with Boppers.

37. By these acts, Defendants have willfully infringed Boppers' federally-registered BOPPERS Marks in violation of 15 U.S.C. § 1114.

38. Defendants' aforesaid acts of infringement have injured and violated the rights of Boppers in an amount to be determined at trial. Defendants' acts complained of herein have caused damage to Boppers and have irreparably injured the public recognition and goodwill associated with Plaintiff's BOPPERS Marks.

39. Further, by these acts, Defendants have irreparably injured Boppers and such injury will continue unless enjoined by this Court.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

40. Boppers repeats and realleges paragraphs 1-39, above, as though fully set forth herein.

41. This is a claim for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

42. In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Defendants have created and will continue to create a false designation of origin by selling and using in commerce, without permission of, or license from Plaintiff, the BOPPIN' Mark alone, or in connection with Boppers or Boppers DJ's, associated with entertainment services, which will confuse and/or likely confuse potential customers into believing that Defendants' products and services are associated with, sponsored by, or approved by Boppers.

43. Upon information and belief, at the time of committing certain acts alleged herein, Defendants had actual knowledge of Plaintiff's ownership and prior use of its BOPPERS Marks for use in connection with Boppers' entertainment goods and services.

44. Defendants' aforesaid unauthorized acts have been willful and have injured and violated the rights of Boppers in an amount to be determined at trial.

45. Further, by its actions, Defendants have irreparably injured Boppers, and such irreparable injury will continue unless this Court enjoins Defendants.

46. Further, by its actions, Defendants have irreparably injured Boppers, and such irreparable injury will continue unless this Court enjoins Defendants.

## COUNT III
## CONNECTICUT COMMON LAW TRADEMARK INFRINGEMENT

47. Boppers repeats and realleges paragraphs 1-46, above, as though fully set forth herein.

48. This is an action for common law trademark infringement arising under common law of the state of Connecticut.

49. By virtue of the aforesaid acts, Defendants have attempted to and has created confusion as to the source of its products and services.

50. Such acts have the natural and probable tendency to deceive the public so as to essentially pass off Defendants' products as those of Boppers' products and services.

51. As a result of Defendants' aforesaid acts, ordinary buyers making purchases under ordinary conditions have and will be confused and deceived.

## COUNT IV
## CONN. GEN. STAT. 42-110B UNFAIR AND DECEPTIVE TRADE PRACTICES

52. Boppers repeats and realleges paragraphs 1-51, above, as though fully set forth herein.

53. This is a claim for unfair and deceptive trade practices under the Connecticut Unfair and Deceptive Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110(a), *et seq.*

54. The actions of Defendants described herein constitute unfair and deceptive acts or practices, which have deceived and will continue to deceive Boppers' customers and potential customers and which have injured and will continue to injure the goodwill, reputation, and business of Boppers.

55. The actions of Defendants described herein are in and affecting commerce and are unfair and/or deceptive acts or practices in violation of CUTPA.

56. As a direct and proximate result of Defendants' unfair and deceptive conduct, Boppers has suffered and will continue to suffer damages in an amount to be determined at trial.

57. Further, by its actions, Defendants have irreparably injured Boppers, and such irreparable injury will continue unless this Court enjoins Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Boppers respectfully asks this Court to enter judgment against Defendants, and against respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with Defendants, as follows:

A. Declare that Boppers' federally registered trademarks, the BOPPERS Marks, are valid and willfully infringed by Defendants in violation of the Lanham Act, 15 U.S.C. § 1114 and/or Connecticut common law;

B. Declare that Defendants' unauthorized sale and use in commerce of the BOPPIN' Mark in association with entertainment services is confusingly similar to Plaintiff's BOPPERS Marks in violation of the Lanham Act, 15 U.S.C. § 1125(a), as a false designation of origin, false description or representation;

C. Declare that Defendants' acts and practices as set forth herein constitute unfair competition in violation of the Connecticut Unfair Trade Practices Act, and award Boppers damages resulting therefrom, including but not necessarily limited to compensatory damages, lost profits, and/or a disgorgement of Defendants' profits as permitted by law;

D. Preliminarily and permanently enjoin Defendants from further infringement of Plaintiff's BOPPERS Marks;

E. Declare that Defendants' acts as complained of herein shall be deemed willful, and/or that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117(a) and/or CUTPA and further declaring that Boppers is entitled to treble damages;

F. Award Boppers statutory damages in connection with Count I for Defendants' intentional and willful violation of 15 U.S.C. § 1114(1)(a) pursuant to 15 U.S.C. § 1117;

G. Award Boppers statutory damages in connection with Count II for Defendants' intentional and willful violation of 15 U.S.C. § 1125(a) pursuant to 15 U.S.C. § 1117;

H. Award Boppers statutory damages in connection with Count IV pursuant to CUTPA;

I. Award Boppers its costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117;

J. Award any such other relief to which Boppers is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Boppers demands a trial by jury on all issues so triable.

Date: September 30, 2016

Respectfully submitted,

/s/ Michael J. Rye
Michael J. Rye, Esq. (ct18354)
mrye@cantorcolburn.com
CANTOR COLBURN LLP
20 Church Street, 22nd Floor
Hartford, CT 06103
Tel. (860) 286-2929
Fax. (860) 286-0115

*Attorney for Plaintiff*